

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 9198 | **DATE** | 3/18/2003 |
| **CASE TITLE** | Tel-Nick, Inc. vs. Compath, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** We grant Compath's motion (Doc 4-1) to dismiss the complaint.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | MAR 19 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 8 |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 03 MAR 18 PM 4:38 | date mailed notice | |
| SCT | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
MAR 1 9 2003

TEL-NICK, INC., an Illinois corporation, )
)
Plaintiff, )
)
vs. ) 02 C 9198
)
COMPATH, INC., a Virginia corporation, )
)
Defendant. )

**MEMORANDUM OPINION**

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the Court on Defendant Compath, Inc.'s ("Compath") Rule 12(b)(3) motion to dismiss for improper venue. For the reasons set forth below, we grant the motion.

**BACKGROUND**

Plaintiff Tek-Nik Cable, Inc. ("Tek-Nik") is a small, privately owned Illinois corporation with its principal place of business in Illinois. Tek-Nik contracts with cable television companies to install cable hook-ups in the homes of cable television company subscribers. Compath is a Virginia corporation with its principal place of business in Virginia. Compath also contracts with cable television companies to install



cable hook-ups for home subscribers. Compath's business is considerably larger than Tek-Nik's.

In 1995 Tek-Nik began installing hook-ups as a contractor for AT&T Broadband Cable in the Chicago area. In 1999 Compath also began installing hook-ups as a contractor for AT&T in the Chicago area. In 2001 AT&T reduced the number of its installation contractors in the Chicago area, retaining Compath as a contractor but letting Tek-Nik go. At that time, however, both AT&T and Tek-Nik wanted to continue a business relationship. Accordingly, AT&T and Tek-Nik arranged for Compath to hire Tek-Nik as a subcontractor to provide cable hook-ups for AT&T customers. It was further contemplated that, when AT&T was able to expand the number of its contractors, it would again directly retain Tek-Nik to install hook-ups.

Pursuant to the above agreement, Compath and Tek-Nik entered into a contract whereby Tek-Nik would install hook-ups for AT&T subscribers as a subcontractor of Compath. The contract included a non-compete provision as well a forum selection provision. The non-compete provision provided that Tek-Nik could not sell, or contract to provide, products or services to Compath clients that would be in competition with products or services that Compath had disclosed to Tek-Nik. The forum selection provision provided that the exclusive forum for any dispute arising under the contract was any appropriate court for Fairfax County, Virginia.

Pursuant to their contract, Tek-Nik provided installation services for AT&T customers as a subcontractor to Compath. There is an alleged outstanding balance owed to Tek-Nik by Compath in the amount of $166,712. Tek-Nik alleges that Compath has failed and refuses to pay this amount. Negotiations were conducted between the parties but each side has rejected the other party's final position.

On December 20, 2002, Tek-Nik brought a four-count complaint against Compath. Count I is for breach of contract. Count II is for fraud in the inducement. Count III seeks a declaration that the forum selection provision of the contract is unenforceable. Count IV seeks a declaration that Tek-Nik is not precluded from conducting its business by the non-compete provision of the contract. Compath moves to dismiss the complaint for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure because the contract limits the parties' choice of forum to those courts serving Fairfax County, Virginia.

## LEGAL STANDARD

When deciding a motion to dismiss, we look only to the pleadings. *Thompson v. Illinois Dept. of Prof'l Regulation*, 300 F.3d 750, 754 (7th Cir. 2002). In so doing, we must accept all well-pleaded facts in the complaint as true. *Coates v. Illinois State Bd. of Educ.*, 559 F.2d 445, 447 (7th Cir. 1977). It is with these principles in mind that the Court evaluates Compath's motion to dismiss for improper venue.

## DISCUSSION

Compath moves to dismiss this case for improper venue because the contract on which the suit is based includes a forum selection clause that limits resolution of disputes arising under the contract to the jurisdiction of "any appropriate Court for the Fairfax County of Virginia . . . ." (Contract ¶ 22.) Tek-Nik opposes enforcement of the clause for three reasons: "1) the contract as a whole and the forum selection clause in particular were induced by fraud or overreaching; 2) enforcement of the forum selection provision would effectively deprive Tek-Nik of its day in court; and 3) public policy considerations disfavor enforcement of the forum selection clause." (Pl. Resp. at 1.)

Forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Offshore Co.*, 407 U.S. 1, 10 (1972); *see also Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 589 (1991). More specifically, such clauses will only be held "'unreasonable' (1) if their incorporation into the contract was the result of fraud, undue influence or overweening bargaining power; (2) if the selected forum is so 'gravely difficult and inconvenient that [the complaining party] will for all practical purposes be deprived of its day in court'; or (3) if enforcement of the clauses would contravene a strong public policy of the forum in

which the suit is brought, declared by statute or judicial decision." *Bonny v. Society of Lloyd's*, 3 F.3d 156, 160 (7th Cir. 1993) (citations omitted).

In the instant matter, Tek-Nik argues that the contract with Compath in its entirety was procured through fraud, and therefore the contract is voidable and Compath cannot enforce the forum selection provision. The Supreme Court, however, has held that general allegations of fraud will not vitiate a forum selection clause. *Scherk v. Alberto Culver, Co.*, 417 U.S. 506, 519 n.14 (1974). Only if the forum selection clause itself is "the product of fraud" will the clause be unenforceable. *Id.* Tek-Nik's only allegation of fraud with respect to the forum selection clause fails to allege that the clause is the product of fraud:

> On information and belief, Compath included the forum selection provision of the Contract in whole or in part to make it difficult, if not impossible, for Tek-Nik to litigate issues arising under the Contract and in order to further Compath's fraudulent scheme.

(Complaint, ¶ 36). All Tek-Nik states is that it believes inclusion of the clause by Compath was partly due to furthering its general scheme of fraud. Thus, rather than alleging the clause is a product of fraud, Tek-Nik has alleged it was a tool of fraud. Moreover, to the extent Tek-Nik alleges the clause had anything to do with the alleged fraudulent scheme, it has failed to state such circumstances with particularity as required by the Federal Rules of Civil Procedure. FED. R. CIV. P. 9(b).

Tek-Nik next argues that enforcement of the forum selection clause would effectively deprive it of its day in court. Tek-Nik claims that: the contract was provided by Compath for execution in Illinois; the contract was executed and performed entirely in Illinois; all of the witnesses to this case are located in Illinois; and all documents relative of the case are located in Illinois. Tek-Nik further claims that it "does not believe that it will be able to bear the expense of litigating in a forum thousands of miles from all of the evidence and witnesses in this case." Based on these arguments, Tek-Nik alleges that to force it to litigate in Virginia will effectively preclude Tek-Nik of its day in court.

First of all, Fairfax County is not at least two thousand miles from Chicago as Tek-Nik represents. Chicago and Fairfax County are approximately seven hundred miles from one another by road and even less by air.

Second, a party claiming that inconvenience voids a forum selection clause "bear[s] a heavy burden of proof" on the issue. *M/S Bremen*, 407 U.S. at 17. All Tek-Nik musters in the face of this "heavy burden" are general arguments that it would be so gravely difficult and inconvenient to pursue litigation in Virginia, that it does not believe it will be able to bear the expense of the litigation in Virginia, and that it will be effectively deprived of its day in court if forced to litigate in Virginia.

Additionally, the cases on which Tek-Nik relies do not support its inconvenience argument: *M/S Bremen*, 407 U.S. 1 (requiring litigation filed in Florida to be pursued in London as provided by contract) and *Carnival Cruise Lines*, 499 U.S. 585 (requiring litigation filed in Washington state to be pursued in Florida as provided by contract). Both cases enforced forum selection clauses that required the disputes to be litigated in places even farther away than Fairfax County is from Chicago. *M/S Bremen*, 407 U.S. 1; *Carnival Cruise Lines* 499 U.S. 585; *see also Paper Express, Ltd. v. Pfankuch Maschinen GmbH*, 972 F.2d 753 (7th Cir. 1992) (requiring litigation filed in Illinois to be pursued in Germany as provided by contract).

Finally, Tek-Nik argues that enforcement of the forum selection clause would contravene public policy. Pursuant to this argument, Tek-Nik states that the clause was not negotiated at arm's length but instead was strategically included at the very end of the contract and that the clause was a boilerplate provision in a form contract. First, Tek-Nik fails to state what public policy of Illinois would be contravened and fails to cite any statute or case in support. *See Bonny*, 3 F.3d at 160 (courts will not enforce forum selection clauses "if enforcement of the clauses would contravene <u>a strong public policy of the forum in which the suit is brought, declared by statute or judicial decision</u>." (emphasis added). Second, the forum selection clause was not "buried" at the end of the contract as Tek-Nik describes. The clause is printed in the exact same

font type and size as the rest of the contract and is included in a paragraph entitled "**DISPUTES**". (Complaint ¶ 22.) The fact that the "**DISPUTES**" section is placed at the end of the contract is logical and of no moment. Third, "it is a fundamental principle of contract law that a person who signs a contract is presumed to know its terms and consents to be bound by them." *Paper Express*, 972 F.2d at 757 (enforcing forum selection clause despite plaintiff's assertion that it was unlikely that anyone for plaintiff ever read the clause because it was in extremely fine print and in German). If there was a term that appeared to be contrary to the intent that Tek-Nik and AT&T had expressed to Compath, Tek-Nik had the opportunity and should have addressed the concern prior to executing the contract. *See Dace Int'l, Inc. v. Apple Computer, Inc.*, 275 Ill. App. 3d 234, 240 (Ill. App. Ct. 1995) (declining to set aside a forum selection clause in a standard form contract due to complaining party's "failure or inability to object to the clause at the time of contracting"). Tek-Nik also argues that enforcing boilerplate language is unfair due to its corporate size being dwarfed by that of Compath. A failure to object to a forum selection clause at the time of contracting, however, does not release a party even when the parties are corporate entities "of vastly different size". *Id.* Fourth, the fact that Tek-Nik chose to contractually bind itself without the benefit of legal counsel does not implicate public policy concerns; no

public policy of Illinois is compromised by allowing parties to contractually bind themselves without representation.

Although we find the forum selection clause reasonable and enforceable, Tek-Nik asks us not to dismiss the case for improper venue but to transfer it to the U.S. District Court for the Eastern District of Virginia. When deciding to transfer a case to another venue rather than dismiss the case, a federal district court may, "[for the convenience of parties and witnesses, in the interest of justice . . . transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Although "[t]he decision to transfer a case on venue grounds is largely a discretionary determination", the party seeking the transfer must demonstrate that: "(1) venue is proper in the transferor district; (2) the transferee district is one where the action might have been brought (both venue and jurisdiction are proper); and (3) the transfer will serve the convenience of parties and witnesses and will serve the interest of justice." *Von Holdt v. Husky Injection Molding Sys., Ltd.*, 887 F. Supp. 185, 187-88 (N.D. Ill. 1995). Since the Northern District of Illinois is not a proper venue, we are not authorized to transfer the case. The case is dismissed.

## CONCLUSION

Based on the foregoing analysis, we grant Compath's motion to dismiss the complaint.

                                                                                            _____
                                                                                            Charles P. Kocoras
                                                                                            Chief Judge
                                                                                            United States District Court

Dated: MAR 1 8 2003